IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION


JOANIE BARBER                                              Plaintiff

v.                          1:04CV00033 SWW/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                   Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Joanie Barber, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the

record as a whole and whether it is based on legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on a back injury which led to spinal fusion and is complicated by being overweight. (Tr. 85) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is

whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through January 23, 2004, the date of his decision. (Tr. 17) On March 18, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 3-5) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 39 years old at the time of the hearing. (Tr. 296) She is a high school graduate. (Tr. 61, 66, 91, 296) She has past relevant work as an administrative assistant and telephone solicitor. (Tr. 16, 76-80, 86, 304)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id.

Step 2 involves a determination, based solely on the medical

---

[1] The Hon. William H. Helsper.

3

evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. Id., § 404.1520(c). If not, benefits are denied. Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence. Id., § 404.1520(e). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. Id., § 404.1520(f). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(g). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2001, her alleged onset of disability. (Tr. 11) He found that the evidence established that Plaintiff had status post lumbar fusion, with recovery complicated by wound infection, obesity and nicotine abuse, with a history of

4

asthma, controlled on medication, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  The ALJ did not specifically find that Plaintiff suffered from a "severe" impairment.  He proceeded to Step 4 of the sequential evaluation, however, which is an implicit finding of "severe" impairment.  He judged that Plaintiff's allegations that she was completely unable to perform any work activity were not credible.  (Tr. 12)

The ALJ found that Plaintiff retained the residual functional capacity to perform work between the sedentary and light exertional levels where she had a sit/stand option.  (Tr. 15)  He recognized that Plaintiff's past relevant work as an administrative assistant and as a telephone solicitor did not require the performance of work-related activities precluded by her limitations, and that her impairments did not prevent her performing her past relevant work. (Tr. 16)  Consequently, the ALJ concluded that Plaintiff was not disabled.  (Tr. 17)

Plaintiff argues that the ALJ did not inquire into the demands of her past jobs sufficiently. (Brief at 10)  There is no absolute requirement that the ALJ make findings based on the actual functional demands of a past relevant job; instead, as the ALJ in this case did, the findings may be based on the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  (Tr. 16)  Evans v. Shalala, 21 F.3d 832, 833-34 (8th Cir. 1994); Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991); Martin v. Sullivan, 901 F.2d 650, 653 (8th

Cir. 1990) (rejecting only past relevant job analysis). The latter may be determined by the Dictionary of Occupational Titles. Evans at 834; Kirby at 1327.

Plaintiff, of course, has the burden of proving her disability. E.g., Sykes v. Bowen, 854 F.2d 284, 285 (8th Cir. 1988). That includes a showing that Plaintiff's impairments prevented her from performing past relevant work. Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990). Plaintiff did not meet that burden.

Next, Plaintiff argues that the ALJ's hypothetical question to the vocational expert was inadequate and insufficient. (Br. 10) The ALJ reached a Step 4 determination that Plaintiff could return to her past relevant work. (Tr. 16) Testimony of a vocational expert is not required at Step 4 of the sequential evaluation process; such testimony is only required at Step 5, when the burden shifts to the Commissioner, and claimant has a nonexertional impairment. Johnston v. Shalala, 42 F.3d 448, 452 (8th Cir. 1994).

Plaintiff also contends that the ALJ's credibility determination was improper. (Br. 11-13) The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). (Tr. 12-15)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of treatment for significant periods of time, Plaintiff's daily activities, her functional capabilities and the lack of greater restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See Thomas v. Sullivan, 928 F.2d 255, 259-60 (8th Cir. 1991); Cabrnoch v. Bowen, 881 F.2d 561, 564 (8th Cir. 1989).

Plaintiff provided inconsistent information. For instance, on a Disability Supplemental Interview Outline dated August 14, 2002

(Tr. 67), she stated that she did not prepare meals (Tr. 64). On a Disability Supplemental Interview Outline dated December 19, 2002 (Tr. 62), she indicated that she prepared meals including sandwiches, frozen dinners, meats, vegetables, desserts and dishes that required recipes. (Tr. 59) On the former, she indicated that she walked for exercise and used public transportation. (Tr. 64) On the latter, she stated she did not walk for exercise and had never used public transportation. (Tr. 59)

As the ALJ noted (Tr. 13), Plaintiff chose to forego a definitive evaluation of her back complaints for almost a year, instead caring for relatives and taking a trip to Florida (Tr. 275).

The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Finally, Plaintiff contends that there is "not one iota of evidence" that the ALJ considered her impairments in combination. (Br. 14) Plaintiff's point is not well taken. (Tr. 11, 12) Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of her impairments, at some length.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which

contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 11th day of July, 2005.

*Henry L. Jones, Jr.*
_____
UNITED STATES MAGISTRATE JUDGE