```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    NORTHERN DIVISION


JOANIE BARBER                                        PLAINTIFF


vs.              Civil Case No. 1:04CV00033 HLJ


MICHAEL ASTRUE, Commissioner,
Social Security Administration                       DEFENDANT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the

        District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite 402
        Little Rock, AR 72201-3325

## **DISPOSITION**

On July 26, 2005, the District Court entered an Order and Judgment adopting this court's Report and Recommendation affirming the Commissioner's denial of benefits in this case. On August 9, 2005, Plaintiff filed a Motion for Relief from the Judgment, and she submitted a decision dated July 21, 2005, of an administrative law judge finding Plaintiff disabled as of January 1, 2001, based on an application for benefits filed subsequent to the application litigated in this case. The District Court granted Plaintiff's Motion for Relief from Judgment on September 5, 2007.

On October 1, 2007, Plaintiff filed a _pro_ _se_ motion for attorney's fees under the Equal Access to Justice Act (EAJA), seeking compensation for counsel's work on the Motion for Relief from Judgment in August of 2005.

>Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact.

Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). Moreover, even "a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position." Id.

The District Court, in its discretion, granted relief from Judgment in this case because Plaintiff had obtained relief for the same time period in a separate and distinct proceeding involving a separate and distinct application. The District Court's Order does not change the correctness of its opinion that substantial evidence in the record in this case supports the Commissioner's decision to deny benefits; and it does not reflect in any way on the justification of the Commissioner's position based on the record in this case.[1] Thus, I find the position of the Commissioner in this case was substantially justified and Plaintiff's Motion for Attorney's Fees is denied.

SO ORDERED this 14th day of January, 2008.

/s/ Henry L. Jones, Jr.
United States Magistrate Judge

---

[1] The court is not unmindful that the Commissioner at all times bears the burden of proving substantial justification, Goad v. Barnhart, 398 F.3d at 1025, and that the Commissioner in this case has not pleaded substantial justification. However, it is clear on the face of the record, without argument, that the Commissioner's position remains substantially justified.